**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-2259**

PETRONA LOPEZ,

       Petitioner,

   v.

MERRICK B. GARLAND, Attorney General,

       Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals

Argued: January 25, 2022                 Decided: February 15, 2022

Before WILKINSON, NIEMEYER, and HEYTENS, Circuit Judges.

Petition granted; vacated and remanded by unpublished opinion. Judge Heytens wrote the opinion, in which Judge Wilkinson and Judge Niemeyer joined.

**ARGUED:** Jeffrey J. Lyons, BAKER & HOSTETLER LLP, Wilmington, Delaware, for Petitioner. Sheri Robyn Glaser, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Lesley M. Grossberg, BAKER & HOSTETLER LLP, Philadelphia, Pennsylvania, for Petitioner. Brian Boynton, Acting Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

Petitioner Petrona Lopez, a Guatemalan citizen, was ordered removed from the United States. Ineligible for most forms of relief from removal because of a criminal conviction, she sought protection under the Convention Against Torture. In particular, Lopez argued that, if removed to Guatemala, she is more likely than not to be tortured by her abusive estranged husband and others. The immigration judge found Lopez credible but concluded she had not met her burden for deferral of removal. The Board of Immigration Appeals affirmed.

Although "[w]e review the [Board's] administrative findings of fact under the substantial evidence rule," "[w]e review legal issues de novo." *Marynenka v. Holder*, 592 F.3d 594, 600 (4th Cir. 2010). This Court has held that—in assessing whether a noncitizen has established a likelihood of torture—the agency is required to "combine[ ]" or "aggregate[ ]" "the risks of torture from all sources" by "add[ing] the amount of risk" posed by each potential source and "then determin[ing] whether that sum is greater than 50%." *Rodriguez-Arias v. Whitaker*, 915 F.3d 968, 973 (4th Cir. 2019). As the government concedes, the Board did not do so here because it considered only the risk of torture by Lopez's husband. Because that was legal error, we vacate the Board's decision and remand. *Id*. We express no opinion on the ultimate disposition of this matter.

*PETITION GRANTED;*
*VACATED AND REMANDED*